IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. RUFFIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-1677-GMS |
| ) | |
| BANK OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

I.  **INTRODUCTION**

Presently before the court is defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **BACKGROUND**

On February 16, 2011, Gerald A. Ruffin ("plaintiff") filed a Charge with the Equal Employment Opportunity Commission ("EEOC"). (D.I. 2 at 2.) On September 11, 2012, the EEOC issued plaintiff a Notice of Right to Sue which he received on September 14, 2012. (Id. at 2, 4.) On December 10, 2012, plaintiff initiated this action against his former employer, Bank of America, N.A. ("defendant"),[1] claiming a violation of Title VII of the Civil Rights Act of 1964 ("Title VII") based on his "terminat[ion] from employment after filing complaint of harassment" and "discrimination based on disability." (Id. at 2;

---

[1] According to defendant, plaintiff named "Bank of America" as the defendant in his complaint; however, plaintiff was employed by Bank of America, N.A. Consequently, Bank of America, N.A. responds as the named defendant in this matter. (D.I. 7 at 1 n.1.)

D.I. 2-1 at 1.)[2] The allegedly discriminatory acts occurred from August 5, 2010 to February 15, 2011. (D.I. 2 at 2.) On April 15, 2013, defendant filed its motion to dismiss. (D.I. 6.)

## III. PARTIES' CONTENTIONS

### A. Defendant's Contentions

Defendant maintains plaintiff's complaint should be dismissed for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (D.I. 7 at 1.) It argues the complaint fails to provide "both adequate notice of the claims asserted[,] as well as the grounds upon which [p]laintiff's claims rest." (*Id.*) Defendant states that plaintiff's claims, even if taken as true, are insufficient to state a cause of action. (*Id.* at 3-5.) According to defendant, plaintiff's claim under Title VII is improper, since he does not allege any discrimination based on "race, color, religion, sex, or national origin." (*Id.* at 5.) Title VII only applies to discrimination based on those attributes, and does not apply to discrimination based on disability. (*Id.*)

In response to additional facts set forth in plaintiff's opposition to the motion to dismiss, defendant argues plaintiff cannot raise new allegations in briefing to remedy deficiencies of the complaint. (D.I. 12 at 2-3.) Further, even if the court were to consider plaintiff's new allegations, defendant argues those allegations do nothing to advance plaintiff's Title VII claim, as they still "wholly" fail to allege any discrimination based on race, color, religion, sex, or national origin. (*Id.* at 3-4.) Finally, defendant requests this court dismiss plaintiff's complaint with prejudice, as he is unable to amend

---

[2] Along with his complaint, plaintiff filed a motion to proceed *in forma pauperis* which the court denied on December 21, 2012. (D.I. 1; D.I. 4.)

his complaint to state a claim under Title VII. (*Id.* at 4-5.)

### B.     Plaintiff's Contentions

Plaintiff's complaint merely alleges his termination was the result of discrimination based on an unspecified disability and his termination was the result of filing a complaint of harassment of an unspecified nature. (D.I. 2 at 2; D.I. 2-1 at 1.) In his opposition submission, he reiterates his termination was the result of reporting harassment and it was his supervisor and a senior manager who harassed him. (D.I. 10 at 1.) Plaintiff states the human resources department "did not assist me concerning my grievances . . . [and did not] follow-up with any solution or remedy." (*Id.*) He also contends he was unlawfully detained by security. (*Id.*) Finally, plaintiff alleges he "was told to leave my workplace a[nd] seek help because I was crazy. Told by Senior Management that I could not return to work until I saw a doctor and had his permission to return to work. I was fired within Five minutes of returning to work." (*Id.*)

### IV.    STANDARD OF REVIEW

The court must accept all factual allegations in a complaint as true and consider them in the light most favorable to a *pro se* plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the sufficiency of

the complaint, and does not resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (stating "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder").

## V. DISCUSSION

Defendant contends plaintiff fails to state a claim under Title VII. (D.I. 7 at 5.) Title VII makes it illegal for employers to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin.*" 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Title VII also prohibits employers from retaliating against employees for complaining of discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-3(a).

When bringing a Title VII claim, a plaintiff must first demonstrate he is a member of a protected class based on race, color, religion, sex, or national origin. *West v. Prudential Ins. Co. of Am.*, 462 Fed. Appx. 170, 171-72 (3d Cir. 2011). If a plaintiff cannot establish he is a member of such a protected class, his Title VII claim fails, and

a court need not undertake any further analysis of his Title VII claim. *Id.* at 172.

Disability is not covered under Title VII, and a court must dismiss a disability discrimination suit brought under Title VII, even if filed by a *pro se* plaintiff. *Blair v. Wal-Mart Stores Inc.*, C.A. No. 03–717–GMS, 2004 WL 2283560, at *2-3 (D. Del. Sept. 30, 2004). A disability claim is "not cognizable" under Title VII, and such a claim brought under Title VII must be dismissed pursuant to FED. R. CIV. P. 12(b)(6). *Id.*, at *3 (citations omitted). Disability claims must be brought under the Americans with Disabilities Act ("ADA"), not Title VII. *Id.*

Here, plaintiff fails to state a claim, as he filed his disability discrimination suit under Title VII instead of the ADA. In his complaint, plaintiff alleges discrimination based on an unspecified disability, but does not allege discrimination based on race, color, sex, religion, or national origin. (D.I. 2 at 2-3.) Plaintiff thus fails to demonstrate he is a member of a protected class under Title VII. Further, plaintiff's specific claim of retaliation alleges he was terminated for reporting "harassment." (D.I. 2-1 at 1.) Plaintiff never claims this harassment was based on the attributes protected under Title VII. (*See id.*) In his opposition brief, he merely alleges harassment by his supervisor and a senior manager, without any facts demonstrating discrimination based on the rights protected under Title VII. (D.I. 10 at 1.)

The material facts of this matter are identical to those in *Blair*. As in *Blair*, the *pro se* plaintiff here filed suit against his former employer under Title VII alleging disability discrimination. (D.I. 2 at 1-2); *Blair*, 2004 WL 2283560, at *1. In both cases, there were no allegations of discrimination based on race, color, religion, sex, or

5

national origin. (D.I. 2 at 2-3; D.I. 2-1 at 1); *Blair*, 2004 WL 2283560, at *1. In *Blair*, this court noted "claim[s] for disability discrimination brought under Title VII cannot survive." *Blair*, 2004 WL 2283560, at *3 (citations omitted). The *Blair* court held "[b]ecause disability discrimination claims are not actionable under Title VII, [plaintiff] has failed to state a claim for which relief may be granted. [T]herefore, [we] will grant [defendant's] motion to dismiss [under Rule 12(b)(6)]." *Id.* Since the relevant facts of the instant case are identical to those in *Blair*, plaintiff's complaint must likewise be dismissed.

Defendant's claim that opposition briefs cannot be used to amend a complaint is supported by Third Circuit precedent. (D.I. 12 at 2-3); *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citations omitted). However, the court is unaware of precedent from either the Third Circuit or this district extending this prohibition to opposition briefs filed by *pro se* plaintiffs.[3] *Erickson*, 551 U.S. at 94 (citations omitted). Even considering the additional allegations in plaintiff's opposition brief, they nevertheless fail to state a claim under Title VII, as no allegations of discrimination based on the right protected under Title VII are made. (D.I. 10 at 1); 42 U.S.C. § 2000e-2(a)(1); *see West*, 462 Fed. Appx. at 171-72.

Because plaintiff's complaint of disability discrimination under Title VII fails to state a claim under FED. R. CIV. P. 12(b)(6), defendant's motion to dismiss is granted. Plaintiff's complaint is dismissed without prejudice.[4] *Jones v. New Jersey Bar Ass'n*,

---

[3] *But see Swift v. Pandey*, C.A. No. 13-650 (JLL), 2013 WL 5486851, at *3 (D.N.J. July 1, 2013) (finding a *pro se* plaintiff could not amend his complaint through an opposition brief to a motion to dismiss).

[4] Dismissal with prejudice is "an adjudication on the merits, barring any further action between the parties." *Jones*, 242 Fed. Appx. at 793 (citations omitted). "[D]ismissal with prejudice is an extreme sanction for only the most egregious cases[,]

242 Fed. Appx. 793, 793-94 (3d Cir. 2007); *Blair*, 2004 WL 2283560, at *3.

## VI. CONCLUSION

For the reasons contained herein, the court grants defendant's motion to dismiss.

Dated August \_1\_, 2014

_____
UNITED STATES DISTRICT JUDGE

---

. . . and should be reserved for those cases where there is a clear record of delay or [disobedient] conduct by the plaintiff." *Ciaverelli v. Stryker Medical, a Div. of Stryker Corp.*, 29 Fed. Appx. 832, 833 (3d Cir. 2002) (citations omitted).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GERALD A. RUFFIN           ) | |
| )| |
| Plaintiff,        ) | |
| ) | |
| v.                                 ) | Civil Action No. 12-1677-GMS |
| ) | |
| BANK OF AMERICA        ) | |
| ) | |
| Defendant.        ) | |

## **JUDGMENT ORDER**

For reasons set forth in the Memorandum issued on this date,

IT IS HEREBY ORDERED and ADJUDGED this _1st_ day of August, 2014, that defendant's motion to dismiss (D.I. 6) is GRANTED. Plaintiff's complaint is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE